through the insufficiency of the gaol; that he recovered judgment on said note before the County Court, in March, A. D. 1789, for £103 18s. 1d. York money debt, and cost £3 10s. 9d. lawful money, and had execution for said sum, which has been returned *non est inventus;* and demands judgment for his damages and cost.

On a hearing the court found that said Spelman made his escape through the insufficiency of the gaol, and gave judgment for £20, the special damages only, and £12 3s. 7d. lawful money cost.

### DAVIDSON v. FOWLER.

An ancient grant of a privilege to erect a mill and dam upon a stream of water, without limitation, as to height must have a reasonable construction, and the practical understanding of the grantees ought to conclude them.

ACTION for a nuisance; declaring, that the defendant is owner of a certain grist-mill and dam, standing upon a stream or river in Milford, about forty rods below the mill of the plaintiff's; and that the defendant hath lately raised his dam about thirteen inches higher than he had right to do, by means whereof the water sets back upon the plaintiff's water wheel, and prevents his grinding, etc.

Plea — Not guilty.   Issue to the jury.

The facts were, as follows — In A. D. 1639 the town of Milford granted to William and Jonathan Fowler, liberty to erect a grist-mill on said stream at the place where the defendant now hath a mill; also to raise a dam so high as should be necessary for grinding meal, flour, etc. that they accordingly built a mill, and raised a dam to a certain height; said mill afterwards came to John and Nathan Fowler, as tenants in common, and said mill and dam was improved in that place about 150 years, in which time said dam was repeatedly rebuilt, but never so as to flow the water back to the plaintiff's mill place by several rods.

In A. D. 1674, the town of Milford granted liberty to William Fowler, to erect a fulling-mill and a saw-mill, at the island above, on the same stream.   In A. D. 1702, said town

Davidson v. Fowler.

requested the proprietors of the saw-mill and fulling-mill to build a grist-mill near the saw-mill. In A. D. 1783, John Fowler bought the saw-mill and fulling-mill, being also part owner of the lower mill, and built a grist-mill, about forty yards lower down the stream than the saw-mill; and laid the bottom of the flume to the grist-mill four feet lower than the saw-mill; where the water had then never flowed back, by means of the dam at the lower mill; said John Fowler sold his right to the lower mill in A. D. 1784, and afterwards died; and the plaintiff purchased said upper mill in 1789; that about three years ago the defendant erected three other mills below, and raised the dam about thirteen inches higher than it had ever been raised before, which caused the water to set back upon the wheel of the plaintiff's grist-mill.

The jury found a verdict for the plaintiff, and £10 damages. The court accepted the verdict, upon the principle that as the original grant to William and Jonathan Fowler, with liberty to raise a dam for the use of said mill without any limitation, as to height; the grant is to receive such a construction, as reason and the practice of the grantees have given it. The privilege originally granted was to build one mill, and the old dam raises a sufficient head of water for that. The proprietors for 150 years, have announced to the world by their practice, what they understood to be the height of the dam, and it would be taking advantage of their own wrong now to raise their dam, contrary to so long a practice to the prejudice of those who had purchased and expended their money upon said stream above. The grant must have a reasonable construction, and had there been a doubt about it at first, 150 years' practice by the grantees and those under them has removed it.

ADAMS and CHAUNCEY, JJ., dissented from the verdict; upon the idea that the original grant gave an unlimited right to the original grantees to raise the dam to accommodate their mills.